UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| CASSANDRA M. GAREGNANI, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 2:24-CV-00143-DCLC-JEM |
| v. | ) |
| | ) |
| DARRELL LEWIS WEBB, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion in Limine [Doc. 51] to which Defendant responded [Doc. 59] and Plaintiffs replied [Doc. 62]. Also before the Court are Defendant's Motions in Limine [Docs. 53–54, 56–58, 61] to which Plaintiffs responded [Docs. 63–71]. The

This matter arises out of a vehicle collision that occurred on September 21, 2023. [Doc. 14, ¶¶ 7–21]. Plaintiffs, Cassandra Garegnani, individually and as the surviving spouse and Personal Representative of the Estate of Bret Garegnani, allege that Bret and Cassandra Garegnani were traveling southbound on U.S. Highway 11-W at 55 miles per hour on their 2018 Harley Davidson motorcycle when at the same time Defendant, Darrell Webb, was traveling northbound on Old Highway 11-W driving a 1999 Peterbilt 379 ("Truck"). *Id.* ¶¶ 7–11; [Doc. 18, ¶ 30]. Plaintiffs allege that Defendant was making a left hand turn across U.S. Highway 11-W's southbound lanes immediately in the path of Plaintiffs. [Doc. 14, ¶¶ 12–13]. Plaintiffs collided with the passenger side of Defendant's Truck, killing Mr. Garegnani and injuring Mrs. Garegnani. *Id.* ¶¶ 23–24.

Plaintiffs claim that as a result of Defendant's negligence, Mrs. Garegnani, and Plaintiffs' two minor children, Adrianna D. Garegnani and Gemma R. Garegnani, suffered the following damages: "(a) medical bills for treatment of injuries that resulted in death; (b) funeral expenses; (c) conscious pain and suffering from the date of injury under [sic] the date of death; (d) loss of earning capacity between the date of injury and death; (e) loss of enjoyment of life between the date of injury and death; and (f) the pecuniary value of life." *Id.* ¶ 26. Plaintiffs bring claims against Defendant for negligence/wrongful death and negligence per se. *Id.* ¶¶ 36–51.

Ahead of the upcoming trial, Plaintiffs filed one motion in limine [Doc. 51] and Defendant filed six motions in limine [Docs. 53–54, 56–58, 61] which are now ripe for the Court's review.

## I.     LEGAL STANDARD

A district court's authority to rule on an evidentiary motion in limine comes from its "inherent authority to manage the course of trials," rather than a specific provision of the Federal Rules of Evidence or the Federal Rules of Civil Procedure. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citation omitted). A district court's choice to grant or deny a motion in limine is, therefore, "purely discretionary." *United States v. Certain Land Situated in Detroit*, 547 F. Supp. 680, 681 (E.D. Mich. 1982). The function of a motion in limine is to bar evidence that is "clearly inadmissible for any purpose." *Contract Mgmt., Inc. v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 3:10-CV-110, 2012 WL 2529214, at *1 (E.D. Tenn. June 29, 2012) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846–47 (N.D. Ohio 2004)). "Unless evidence meets this high standard," a district court will not exclude evidence in limine. *Id.* The Sixth Circuit advises that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise" during trial. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The party moving to exclude evidence in limine has the burden of meeting this

high standard. *See Smith v. Highland Park Ruritan Club*, No. 3:06-CV-351, 2008 WL 2669107, at *3 (E.D. Tenn. June 27, 2008).

II.  ANALYSIS

   a.  **Plaintiffs' Motion in Limine [Doc. 51]**

Plaintiffs disclosed Dr. Ami Murphy, a physician at the William L. Jenkins Forensic Center, as a "Non-Retained Expert[]." [Doc. 59-1, pg. 9]. In their disclosures, Plaintiffs indicate that these witnesses are "expected to offer opinion testimony as set forth below…." *Id.*

> Ami Murphy, D.O., William L. Jenkins Forensic Center …. Dr. Ami Murphy is an expert in Forensic Pathology….may be called to testify as a lay and/or expert witness[] with regard to the injuries and trauma sustained by Bret Garegnani, his pain and suffering, the cause and manner of his death, the reasonableness and necessity of the medical treatment, the cause and nature of Mr. Garegnani's injuries and damages, the severity of the injuries, diagnostic studies and all treatment rendered to Mr. Garegnani and anything else relevant to this matter. [Her] expert testimony is expected to be consistent with their reports and/or findings.

*Id.* pg. 13. Plaintiffs move the Court to prevent Defendant from calling Dr. Murphy as an expert witness. In response, Defendant states that he "does not intend to call Dr. Ami Murphy as an expert witness in the defendant[']s case in chief." [Doc. 59, ¶ 1].[1]

Plaintiffs next argue that Defendant should not be able to cross-examine Dr. Murphy about "lack of conscious pain or suffering" and "toxicology" because Defendant did not disclose these as matters for which Dr. Murphy would testify. [Doc. 51, pg. 2]. But Plaintiff identified one of the topics Dr. Murphy would testify regarding was Mr. Garegnani's "pain and suffering" among

---

[1] Plaintiffs contend that the Court should disregard Defendant's response to Plaintiffs' motion in limine because it is not signed, and it was filed 48 days late. *See* [Doc. 62, pgs. 2–3]. The Court agrees that Defendant's response can be disregarded for these reasons but will consider it in the interest of resolving these issues prior to trial. The Court admonishes Defendant for his failure to comply with all applicable orders of this Court and advises Defendant to meet these responsibilities going forward. The failure to comply with an order of the Court may result in sanctions.

other things.  It is not clear why this Court should prevent Defendant from cross examining Dr. Murphy about a topic Plaintiff disclosed Dr. Murphy could offer relevant testimony.  Defendant included Dr. Murphy in his Rule 26(a)(1) initial disclosures among the "individuals likely to have discoverable information."  [Doc. 51, pg. 2]; [Doc. 51-1].  In Defendant's supplemental Rule 26(a)(1) initial disclosures, he claimed that Dr. Murphy "has knowledge of the autopsy of plaintiff, lack of conscious pain or suffering, toxicology and other tests performed during the autopsy."  [Doc. 51-1]; [Doc. 51-2].

The purpose behind Rule 26(a)(2)'s disclosure requirement is to ensure that "opposing parties have a reasonable opportunity to prepare for effective cross examination."  Fed. R. Civ. P. 26(a)(2) advisory committee note to 1993 amendment.  Opinions from Dr. Murphy on "pain and suffering" are not clearly inadmissible on all grounds.  *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846–47; *Sperberg*, 519 F.2d at 712.  Accordingly, the parties are **ORDERED** to raise any evidentiary objections relating to Dr. Murphy's opinions on "lack of conscious pain or suffering" and "toxicology" as raised in this motion in limine during trial, and the Court will **RESERVE RULING** on the admissibility of the evidence at issue until such an objection is made.

b.      **Defendant's First Motion in Limine [Doc. 53]**

Defendant requests that the Court enter an Order prohibiting Plaintiffs from "referring to or otherwise introducing any testimony or evidence concerning: 1. Tennessee Electronic Traffic Crash Report for the motor vehicle collision in this case; 2. Traffic citation issued to [Defendant] after the motor vehicle collision in this case that was dismissed at trial."  [Doc. 53, pg. 1].  Trooper David Good of the Tennessee Highway Patrol was dispatched to the accident scene and completed a Tennessee Electronic Traffic Crash Report.  *See* [Doc. 53, pg. 3]; [Doc. 53-1].  Trooper Good also issued a Tennessee Highway Patrol Traffic Citation to Defendant for "Drivers to Exercise

Due Care," "Registration Expired" and "Failure to Yield the Right of Way," which was scheduled for trial in the Hawkins County General Sessions Court but was dismissed on November 25, 2024. *See* [Doc. 53, pg. 3]; [Doc. 53-1]; [Doc. 53-2].

Tennessee Code Annotated § 55-10-114(b) provides that "[n]o [accident] reports or information mentioned in this section shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any party to the trial, or upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department in compliance with law." "The Sixth Circuit has declined to specify whether this is a 'substantive' rule that must be applied in diversity cases in federal court or whether this rule is 'procedural' such that federal courts are required to apply the Federal Rules of Evidence without regard to the statute." *Close v. Cool Runnings Express, Inc.*, No. 1:18-CV-110, 2021 WL 9472271, at *2 (E.D. Tenn. May 21, 2021) (citing *Leap v. Malone*, 106 F.3d 401 (6th Cir. 1996) (table)).

Courts have generally excluded traffic accident reports if the investigating officer is available to testify at trial. *See Leap*, 106 F.3d at 401 ("The probative value of the accident report was minimal, given the fact that the investigating officers were available to testify."). The Court will **RESERVE RULING** on the admissibility of the traffic accident report until trial.

As for the admissibility of the traffic citation issued to Defendant, Plaintiffs concede that "if the Defendant merely paid the traffic citation issued by Trooper Good without entering into a guilty plea, then the mere payment of the ticket is not admissible at trial." [Doc. 63, pg. 3]. Accordingly, the Court will **GRANT** Defendant's motion in limine regarding the traffic citation and that evidence is excluded.

5

Case 2:24-cv-00143-DCLC-CRW    Document 87    Filed 09/22/25    Page 5 of 12
PageID #: 1176

### c. Defendant's Second Motion in Limine [Doc. 54]

Defendant requests that the Court enter an order "prohibiting the Plaintiffs and their legal counsel from referring to or introducing testimony concerning any purported bodily injury or death and testimony or evidence of purported medical and chiropractic expenses/bills and that Plaintiffs alleged are causally related to a motor vehicle accident in this case for failure of Plaintiffs to obtain testimony from competent medical and chiropractic healthcare professionals in preparation for trial." [Doc. 54, pg. 1]. In support, Defendant argues that Plaintiffs "have not disclosed any healthcare expert witness who will provide opinion testimony necessary to establish the evidentiary foundation required for the admission of healthcare expenses or bills and plaintiffs have not scheduled or completed any healthcare expert depositions for proof in the state of Tennessee or the state of Colorado." *Id.* pg. 6.

Plaintiffs respond by stating that they have sufficiently and timely disclosed experts establishing a causal link between Plaintiffs' injuries and the conduct of Defendant. Plaintiffs detail each expert, and their proffered testimony disclosed under Rule 26(a)(2)(B). *See* [Doc. 64, pgs. 3–8]; [Doc. 54-1]. The Court finds that Plaintiffs have sufficiently disclosed their expert testimony regarding Plaintiffs injuries and medical treatment following the accident. Defendant's argument that "Plaintiffs have failed to timely schedule or complete the expert depositions" to support their claims is irrelevant as it is not a requirement for parties take depositions. The Court will **DENY** Defendant's motion in limine [Doc. 54] as it is overly broad.

### d. Defendant's Third Motion in Limine [Doc. 56]

Defendant moves this Court to enter an order prohibiting Plaintiffs from "referring to or otherwise introducing evidence concerning purported healthcare records and bills" because

6
Case 2:24-cv-00143-DCLC-CRW   Document 87   Filed 09/22/25   Page 6 of 12
PageID #: 1177

### c. Defendant's Second Motion in Limine [Doc. 54]

Defendant requests that the Court enter an order "prohibiting the Plaintiffs and their legal counsel from referring to or introducing testimony concerning any purported bodily injury or death and testimony or evidence of purported medical and chiropractic expenses/bills and that Plaintiffs alleged are causally related to a motor vehicle accident in this case for failure of Plaintiffs to obtain testimony from competent medical and chiropractic healthcare professionals in preparation for trial." [Doc. 54, pg. 1]. In support, Defendant argues that Plaintiffs "have not disclosed any healthcare expert witness who will provide opinion testimony necessary to establish the evidentiary foundation required for the admission of healthcare expenses or bills and plaintiffs have not scheduled or completed any healthcare expert depositions for proof in the state of Tennessee or the state of Colorado." *Id.* pg. 6.

Plaintiffs respond by stating that they have sufficiently and timely disclosed experts establishing a causal link between Plaintiffs' injuries and the conduct of Defendant. Plaintiffs detail each expert, and their proffered testimony disclosed under Rule 26(a)(2)(B). *See* [Doc. 64, pgs. 3–8]; [Doc. 54-1]. The Court finds that Plaintiffs have sufficiently disclosed their expert testimony regarding Plaintiffs injuries and medical treatment following the accident. Defendant's argument that "Plaintiffs have failed to timely schedule or complete the expert depositions" to support their claims is irrelevant as it is not a requirement for parties take depositions. The Court will **DENY** Defendant's motion in limine [Doc. 54] as it is overly broad.

### d. Defendant's Third Motion in Limine [Doc. 56]

Defendant moves this Court to enter an order prohibiting Plaintiffs from "referring to or otherwise introducing evidence concerning purported healthcare records and bills" because

Defendant contends Plaintiffs have failed to serve sufficient written notice in compliance with Federal Rules of Evidence 803(6) and 902(11) and Tenn. Code Ann. § 24-7-122. [Doc. 56].

Plaintiffs respond stating that Tenn. Code Ann. § 24-7-122 is purely procedural and does not apply in a federal diversity action. [Doc. 71, pgs. 1–2]; *see Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir. 2002) ("Rules of evidence are deemed rules of procedure, and therefore, the Federal Rules of Evidence, rather than state evidentiary laws, are held to apply in federal diversity proceedings.") (citations omitted). The Court concurs with Plaintiffs and finds that Defendant's reliance on Tenn. Code Ann. § 24-7-122 is misplaced and Defendant has otherwise failed to provide any legal authority supporting his position.

Plaintiffs also contend that they provided "reasonable notice" on August 10, 2025, of their intent to offer the record at trial in compliance with Rule 902(11) governing self-authentication of records. *See* Fed. R. Evid. 902(11) ("Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them."). The Court finds that Plaintiffs provided reasonable notice of their intent to use these records given it was provided 58 days before trial. *See also Bash v. Textron Fin. Corp*, No. 5:12 CV 987, 2020 WL 13730976, at *3 (N.D. Ohio Feb. 27, 2020) ("Plaintiff filed its motion five days before trial and long before the parties will be asked to address the admissibility of exhibits. The Court finds that this notice is 'reasonable' given the nature and scope of this case."). Further, Defendant's argument that the records are inadmissible because Plaintiffs have not completed any depositions during which Defendant could challenge these records is unavailing. Parties are not required to take depositions, and Defendant could have scheduled his own depositions and challenged these records at any time given they were provided with Plaintiffs' initial disclosures.

*See* [Doc. 71, pgs. 3–4]. For these reasons, the Court will **DENY** Defendant's third motion in limine. [Doc. 56].

e. **Defendant's Fourth Motion in Limine [Doc. 57]**

Defendant's fourth motion in limine includes five separate requests. *See* [Doc. 57]. The Court will address each in turn.

i. **Evidence concerning the insurance industry or Defendant's insurance coverage**

Defendant seeks to exclude all references "of the Defendant's insurance carrier, the existence of insurance, [and] of the coverage limits of any insurance" because it is inadmissible under Tennessee Rule of Evidence 411. [Doc. 57, pg. 1]. As Plaintiffs contend, the Federal Rules of Evidence apply here, not the Tennessee rules of evidence. *See* [Doc. 69, pgs. 1–2]. Under Rule 411, "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully," but "the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411. At this point, it is too early to tell whether any such evidence would be admissible. Thus, the Court will **RESERVE RULING** on the admissibility of the evidence at issue until trial.

ii. **Evidence or argument concerning the Defendant's wealth, assets, or career field and the Plaintiffs wealth or lack therof**

Defendant seeks to exclude "direct reference by any [p]arty to the perceived finances, wealth, or assets of any [p]arty." [Doc. 57, pg. 3]. Plaintiffs respond stating they do not "intend to argue the financial condition (in terms of wealth or assets) of either party at jury trial…." [Doc. 69, pg. 2]. The Court will **RESERVE RULING** on this until trial.

8

Case 2:24-cv-00143-DCLC-CRW   Document 87   Filed 09/22/25   Page 8 of 12
PageID #: 1179

Defendant also argues that evidence of Defendant's "career field" should be excluded. [Doc. 57, pg. 2]. Defendant provides no legal support for this argument and Plaintiffs contend that Defendant's career as a farmer is relevant under Federal Rules of Evidence 401 and 402 "as it is probative of his extensive commercial driving experience and knowledge of the geographical location of the accident." [Doc. 69, pgs. 2–3]. The Court will **RESERVE RULING** on the admissibility of the evidence at issue until trial.

### iii. Evidence or argument concerning the Golden Rule Appeal

Defendant seeks to exclude the "Golden Rule Appeal" to the jury, which has been defined as arguments "suggesting to the jurors that they place themselves in the position of a party to the cause, or posing to them the question whether they would go through life in the condition of the injured Plaintiff, or would want members of their family to go through life crippled." *Ashdji v. Yardlee*, 1988 Tenn. App. LEXIS 683, at *4 (Tenn. Ct. App. Nov. 4, 1988). Plaintiffs respond stating they are aware such arguments are not permissible under Tennessee law. *See* [Doc. 69, pg. 3].

The purpose of a motion in limine is not to have the Court simply declare that it will enforce the rules or direct the parties to present their case in accordance with the rules and the law. This request does not present a specific issue regarding "anticipated prejudicial evidence" that will be "actually offered" at trial. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (internal quotation marks omitted). Accordingly, the Court will **DENY AS MOOT** this motion.

### iv. Evidence or argument that the jury should award compensatory damages to deter future conduct

Defendant seeks to prevent Plaintiffs from "making an argument or submitting evidence to the jury that it should award compensatory damages in such an amount so as to deter future conduct either from the Defendant or the community as a whole." [Doc. 57, pg. 7]. Plaintiffs respond in

agreement stating, "it would be inappropriate for Plaintiff to argue that the jury should award compensatory damages to punish the wrongdoer Defendant." [Doc. 69, pg. 4]. The parties raise other arguments about general admissibility of arguments before the jury, but as previously stated, the purpose of a motion in limine is not to have the Court simply declare that it will enforce the rules or direct the parties to present their case in accordance with the rules and the law. This request does not present a specific issue regarding "anticipated prejudicial evidence" that will be "actually offered" at trial. *Louzon*, 718 F.3d at 561 (internal quotation marks omitted). Accordingly, the Court will **DENY AS MOOT** this motion.

> v. **Prohibition on Plaintiffs calling their minor daughters to testify at trial or otherwise presenting statements or testimony concerning how the death of Bret Garegnani and/or injuries to Cassaundra Garegnani affected them and their meeting with or participation in mental/emotion evaluations and counseling**

Defendant seeks to prohibit Plaintiffs from calling their minor children to testify at the trial and prohibit them from "referring to or presenting testimony or evidence of how the death of Bret Garegnani and the bodily injuries of Cassandra Garegnani affected them." [Doc. 57, pg. 8]. Plaintiffs state that they do not intend to call Bret and Cassandra Garegnani's children as witnesses at the trial but assert that Plaintiffs have the "legal right to bring the wrongful death action on behalf of the minor children which necessarily includes the injuries and damages that the minor children suffered because of their father's wrongful death." [Doc. 69, pg. 5] (citing *Beard v. Branson*, 528 S.W.3d 487, 498 (Tenn. 2017)). Tennessee's wrongful death statute states that suit "may be brought in the name of the surviving spouse for the benefit of the surviving spouse and the children of the deceased." Tenn. Code Ann. § 20-5-110(a). The Court concurs – Plaintiffs have brought this case on behalf of Plaintiffs' children and therefore any impact on them is relevant. The Court will therefore **DENY** Defendant's request as it seeks to prohibit Plaintiffs

from "referring to or presenting testimony or evidence of how the death of Bret Garegnani and the bodily injuries of Cassandra Garegnani affected them." [Doc. 57, pg. 8].

Defendant again raises the same argument that he has throughout his motions in limine – that he is prejudiced because Plaintiffs did not schedule depositions with certain witnesses, and he did not have the opportunity to challenge certain issues. The Court reiterates that Defendant had the same opportunity as Plaintiffs to depose any witnesses during the discovery phase and testimony will not be excluded on this basis.

Defendant also argues that any testimony regarding the impact of the accident on Plaintiffs' minor children would represent hearsay. The Court finds this argument to be premature because as Plaintiffs contend, there are multiple examples of testimony regarding Plaintiffs' minor children that would satisfy the Federal Rules of Evidence. The Court will therefore **RESERVE RULING** on the admissibility of the evidence regarding Plaintiffs' minor children until trial.

    **f.**    **Defendant's Fifth Motion in Limine [Doc. 58]**

Defendant seeks to preclude Plaintiffs from using the "Reptile Theory" during the trial which comes from a book entitled *Reptile: The 2009 Manual of the Plaintiff' Revolution*. Defendant claims that according to the theory "[t]he plaintiff will attempt to portray the defendant as a menace to society and try to persuade the jury to punish the defendant for his conduct – and protect society – via its verdict." [Doc. 58, pg. 1]. Plaintiff responds that he has not read the book and only intends to "present the facts as they occurred." [Doc. 65, pgs. 1–2].

Again, the purpose of a motion in limine is not to have the Court simply declare that it will enforce the rules or direct the parties to present their case in accordance with the rules and the law. This request does not present a specific issue regarding "anticipated prejudicial evidence" that will

be "actually offered" at trial. *Louzon*, 718 F.3d at 561 (internal quotation marks omitted). Accordingly, the Court will **DENY AS MOOT** this motion.

### g. Defendant's Sixth Motion in Limine [Doc. 61]

Defendant seeks to preclude Plaintiffs from introducing testimony or other evidence concerning Mrs. Garegnani's neck and back injuries and chiropractic services that she received for those injuries. [Doc. 61]. Defendant argues that these topics should be excluded because he has not received any records in compliance with his requests to "The Joint Chiropractic Clinic" where Mrs. Garegnani had treatment and alleges that Plaintiffs have "interfered" with his receipt. *Id.* Plaintiffs, however, contend that they have sent Defendant all copies of Mrs. Garegnani's records from "The Joint Chiropractic Clinic" in Plaintiffs' possession in their Rule 26(a)(1) initial disclosures on September 30, 2024, and in their supplemental disclosures on October 16, 2024, and January 24, 2024. [Doc. 66, pg. 3]. Moreover, Plaintiffs contend that Defendant deposed Mrs. Garegnani after receipt of these records and questioned her regarding her chiropractic treatment. *Id.* Plaintiffs also state that Defendant could have availed himself of the Court's discovery dispute procedures if he believed there was any "interference" by Plaintiffs in preventing him from receiving the records. *Id.* pgs. 3–4. Accordingly, the Court will **DENY** this motion. [Doc. 61].

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge